Eric R. McVittie, ABA #503007
Le Gros Buchanan & Paul
4025 Delridge Way SW, Suite 500
Seattle, WA 98106
Phone: 206-623-4990
Fax: 206-467-4828
emcvittie@legros.com

Attorneys for Plaintiffs

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ATLANTIC SPECIALTY INSURANCE COMPANY and NATIONAL CASUALTY COMPANY<br><br>Plaintiffs,<br><br>v.<br><br>THOMAS C. ROBINSON and ALEUTIAN ENDEAVORS, LLC,<br><br>Defendants. | IN ADMIRALTY<br><br>Case No.:<br><br>COMPLAINT FOR DECLARATORY RELIEF |

Plaintiffs allege as follows:

1. This is an action for declaratory relief under 28 U.S.C. § 2201 and Fed.R.Civ.P. 57. Jurisdiction is vested in this court by virtue of the general maritime law. 28 U.S.C. § 1333 and Fed.R.Civ.P. 9(h).

2. Venue in this district is proper under 28 U.S.C. § 1391 (b)(2).

3. Plaintiffs are insurance companies licensed and doing business in the state of Alaska and engaged, among other things, in the business of insuring marine risks.

COMPLAINT FOR DECLARATORY RELIEF – Page 1 of 5
*Atlantic Specialty Insurance, et al. v Robinson, et al.*
Case No. _____
{28739-00334446;1}

4. Defendant Thomas C. Robinson and Aleutian Endeavors, LLC are, on information and belief, owners of the motor vessel EXITO. On information and belief, Mr. Robinson is an Alaska resident. Aleutian Endeavors, LLC is an Alaska limited liability company.

5. Defendants purchased marine hull and protection and indemnity insurance Policy B5JH84098 (the "Policy") from Plaintiffs that took effect on June 7, 2016 and expired on June 7, 2017. The Policy consists of an American Institute Hull Clauses (September 29, 2009) hull form and SP-38 Protection and Indemnity form.

6. The Hull Clauses are not at issue here.

7. The SP-38 protection and indemnity form provides coverage only for specified named risks. Moreover, the SP-38 form strictly excludes certain risks through Policy exclusions that include, but are not limited to: loss or damage to the vessel, her tackle, apparel, furniture, boats, fittings, equipment, stores, fuel provisions or appurtenances, loss resulting from charters, non-collectability of freight, salvage, general average, detention, any liability assumed by the assured beyond that imposed by law, any loss, damage or expense resulting from a taking of the vessel, and, any loss, damage expense or claim collectible under the Hull Clauses.

8. An additional SP-38 form exclusion and the one at issue here, states: "[T]his company will not pay for: . . . Any claim for loss of damage to or expense in respect of cargo on board the vessel named herein." Policy, SP-38 form, ln. 31, 43.

COMPLAINT FOR DECLARATORY RELIEF – Page 2 of 5
*Atlantic Specialty Insurance, et al. v Robinson, et al.*
Case No. _____
{28739-00334446;1}

Le Gros Buchanan & Paul
4025 Delridge Way SW, Suite 500
Seattle, Washington 98106-1271
(206) 623-4990   FAX (206) 467-4828

9. On information and belief, Defendants entered a time charter party contract with Trident Seafoods Company (hereinafter "Trident") for use of the EXITO that was in effect during the time period from December 3, 2016 through December 6, 2016.

10. On information and belief, the charter party contract gave Trident control over the EXITO's activities and sailing schedule including "day and night" deployment. The charter party contract, moreover, gave Trident control over loading and discharging of cargo, and the use of the EXITO's holds, decks and usual places of loading. In return, Defendants received a charter party daily rate believed to be approximately $2,100 per day.

11. On information and belief, Trident hired Acuren Inspection, Inc. ("Acuren") to inspect and work on refrigeration at Trident's Akutan, Alaska plant. Acuren sent three employees with a chest sized portable x-ray machine to Akutan to perform the work. On or about December 4th or 5th, 2016, inclement weather interrupted the Acuren employees' travel plan, and they were unable to travel by air from Dutch Harbor, Alaska to Akutan.

12. On or about December 5, 2016, Trident instructed the EXITO to travel from Akutan to Dutch Harbor to load the Acuren employees and their cargo, including the portable x-ray machine. Consequently, the EXITO and her crew left Akutan and arrived in Dutch Harbor on or about December 6, 2016.

13. Once in Dutch Harbor, the Acuren contractors boarded the EXITO. The cargo, including the x-ray machine, was loaded and stowed aboard the vessel. On information and belief, before the vessel departed, an Acuren

COMPLAINT FOR DECLARATORY RELIEF – Page 3 of 5
*Atlantic Specialty Insurance, et al. v Robinson, et al.*
Case No. _____
{28739-00334446;1}

Le Gros Buchanan & Paul
4025 Delridge Way SW, Suite 500
Seattle, Washington 98106-1271
(206) 623-4990  FAX (206) 467-4828

employee required the EXITO crew to sign a waiver acknowledging the vessel was carrying an x-ray machine that contained radioactive material.

14. The EXITO set sail for Akutan on December 7, 2016 and sank en route. Two of the three contractors drowned (that is not an issue here in this suit) and the cargo sank with the ship.

15. The x-ray machine is valued at approximately $400,000.

16. Defendants claim the x-ray machine is not cargo and is a covered loss under the Policy's SP-38 form.

17. Nevertheless, Defendants' counsel wrote Plaintiffs on December 12, 2016, describing the loss as follows:

> On December 5 Trident asked them [the Assured] to bring a couple of contractors who were working at the Trident plant in Akutan to Dutch Harbor (about 40 miles) so they could pick up some equipment. When they arrived in Dutch Harbor on December 5 the owner learned of this for the first time and also learned that part of the cargo was an X-ray machine. . . . They had never previously taken any passengers and only twice before in 3 years had they taken Trident cargo. The sinking occurred a few hours after the vessel left Dutch to return to Akutan. Two of the contractors are missing and presumed dead. The cargo is at the bottom of the Bering Sea.

December 12, 2016 e-mail from Michael Barcott, Esq. to Natalie O'Connell.

18. Plaintiffs assert the x-ray machine is cargo and not a covered loss under the Policy's SP-38 form because all cargo is explicitly excluded from coverage.

19. An actual and substantial justiciable controversy exists between the parties within the meaning of 28 U.S.C. § 2201 with respect to coverage provided under the Policy SP-38 form. This case is justiciable because Defendants have

COMPLAINT FOR DECLARATORY RELIEF – Page 4 of 5
*Atlantic Specialty Insurance, et al. v Robinson, et al.*
Case No. _____
{28739-00334446;1}

Le Gros Buchanan & Paul
4025 Delridge Way SW, Suite 500
Seattle, Washington 98106-1271
(206) 623-4990   Fax (206) 467-4828

demanded that the Policy cover loss of the x-ray machine and Plaintiffs have declined coverage because the x-ray machine constitutes cargo specifically excluded under terms of the Policy.

20. Declaratory relief will clarify the rights and obligations of the parties and is therefore, appropriate to resolve this controversy.

WHEREFORE, Plaintiffs pray as follows:

1. For a declaratory judgment under 28. U.S.C. § 2201(a) and § 2202 that the x-ray machine is cargo;

2. For a declaratory judgment under 28. U.S.C. § 2201(a) and § 2202 cargo is excluded from coverage under the Policy SP-38 form;

3. For a declaratory judgment under 28. U.S.C. § 2201(a) and § 2202 that as cargo, the x-ray machine is excluded from Policy coverage and is not a covered loss under the Policy's SP-38 form;

4. For Plaintiffs' costs of suit under Fed.R.Civ.P 54(d); and

5. For such other relief as the Court may deem appropriate.

DATED this 21st day of August, 2017.

                                            LE GROS, BUCHANAN & PAUL

                                            *s/ Eric R. McVittie*
                                            Eric R. McVittie, ABA #503007
                                            Le Gros Buchanan & Paul
                                            4025 Delridge Way SW, Suite 500
                                            Seattle, WA 98106
                                            Phone: 206-623-4990 / Fax: 206-467-4828
                                            emcvittie@legros.com
                                            Attorney for Plaintiffs

COMPLAINT FOR DECLARATORY RELIEF – Page 5 of 5
*Atlantic Specialty Insurance, et al. v Robinson, et al.*
Case No. _____
{28739-00334446;1}

Case 3:17-cv-00180-HRH   Document 1   Filed 08/21/17   Page 5 of 5

LE GROS BUCHANAN & PAUL
4025 DELRIDGE WAY SW, SUITE 500
SEATTLE, WASHINGTON 98106-1271
(206) 623-4990  FAX (206) 467-4828